ADAMS, J.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WERNER ENTERPRISES, INC., et al., | ) | CASE NO. 4:05CV1592 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| THE TRUSTEES OF THE UNIVERSITY | ) | <u>AND ORDER</u> |
| OF PITTSBURGH, etc., et al., | ) | [RESOLVING DOCS. 34 & 41] |
| | ) | |
| Defendants. | ) | |

This action is before the Court upon defendant Joseph T. Morelli, D.O.'s unopposed Motion to Dismiss or, in the alternative, to Transfer (Doc. 34). Dr. Morelli moves the Court to dismiss the First Amended Complaint in its entirety for failure to state a claim upon which relief can be granted or to enter summary judgment in his favor and against the plaintiffs on the complaint; or, in the alternative, to dismiss or transfer this action to the United States District Court for the Western District of Pennsylvania upon the ground that venue in the Northern District of Ohio is improper under 28 U.S.C. § 1391(a).

This action is also before the Court upon plaintiffs' unopposed Motion to Transfer (Doc. 41). Plaintiffs also move the Court to transfer this action to the Western District of Pennsylvania.

Section 1406(a), 28 U.S.C., authorizes a district court to transfer a case when venue was improper in the original forum. Specifically, § 1406(a) provides that a district court with a case "laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." Section 1406(a) does not

require that this Court have personal jurisdiction over the defendants before transferring the case. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962) (utilizing § 1406(a) to transfer a case where there was both improper venue and lack of personal jurisdiction in the transferor forum); *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 329 (6th Cir. 1993).

For good cause shown, the Motions to Transfer are GRANTED. Given the resolution of the defendant's Motion to Transfer, it is unnecessary for this Court to address the defendant's alternative motion. Accordingly,

This case will be transferred to the United States District Court for the Western District of Pennsylvania.

IT IS SO ORDERED.

| | |
|---|---|
| March 24, 2006 | */s/ John R. Adams* |
| Date | John R. Adams |
| | U.S. District Judge |